Opinion issued August 11, 2011



In The

Court of
Appeals

For The

First District
of Texas

————————————

NO. 01-11-00579-CR

———————————

In re Thomas Lee Fifer, Relator



 



 

On Appeal from the 184th District Court

Harris County, Texas



Trial Court Case No. 1117100

 



 

MEMORANDUM OPINION

Relator, Thomas Lee Fifer, has
filed a pro se petition for writ of mandamus complaining that the trial court
has abused its discretion in not convening a hearing and ruling on his motion
for a free transcript of the record in trial court cause number 1117100 to use
in preparing his post-conviction writ of habeas corpus.  We note that relator appealed his felony conviction
in cause number 1117100, and we affirmed the judgment of the trial court.  See
Fifer v. State, No. 01–07–00894–CR, 2008 WL 4530720, at *4 (Tex. App.—Houston
[1st Dist.] Oct. 9, 2008, pet. ref’d) (mem. op., not designated for
publication).  Our mandate issued on April
10, 2009.  Thus, the conviction in cause
number 1117100 is final.

This Court has mandamus
jurisdiction over a district court judge or county court judge in our district,
and all writs necessary to enforce our jurisdiction.  See Tex. Gov’t Code Ann. § 22.221 (Vernon
2008).  We have no authority to issue a
writ of mandamus to compel a district court judge to rule on matters related to
a petition for writ of habeas corpus in which the judgment of conviction is
final.  In re McAfee, 53 S.W.3d 715, 718 (Tex. App.—Houston [1st Dist.]
2001, orig. proceeding); see also In re Padieu,
No. 05–11–00883–CV, 2011 WL 2816736, at *1 (Tex. App.—Dallas July 19, 2011,
orig. proceeding) (mem. op., not designated for publication); In re McAfee, No. 01-08-00903-CR, 2008
WL 5102260, at *1 (Tex. App.—Houston [1st Dist.] Dec. 4, 2008, orig.
proceeding) (mem. op., not designated for publication).  Nor do we have authority to issue a writ of
mandamus against a district clerk unless such is necessary to enforce our
jurisdiction.  In re Coronado, 980 S.W.2d 691, 692 (Tex. App.—San Antonio 1998,
orig. proceeding).  This is because
jurisdiction to grant post-conviction habeas corpus relief in felony cases
rests exclusively with the Texas Court of Criminal Appeals.  Tex. Code
Crim. Proc. Ann. art. 11.07, § 3 (Vernon Supp. 2010); Board of Pardons & Paroles ex rel. Keene
v. Court of Appeals for the Eighth District, 910 S.W.2d 481, 483 (Tex. Crim.
App. 1995).

Therefore, the petition for writ of
mandamus is dismissed for want of jurisdiction.

 

                                                PER
CURIAM

 

Panel
consists of Justices Jennings, Bland, and Massengale.

Do
not publish.   Tex. R. App. P. 47.2(b).